UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>  v.<br>COMMONWEALTH OF VIRGINIA,<br>        Defendant, | Case No. 3:25-cv-01067 |

**DECLARATION OF DEFENDANT-INTERVENOR DREAM PROJECT**

I, Zuraya Tapia-Hadley, Executive Director of The Dream Project hereby declare the following, under penalty of perjury:

1. I am the Executive Director of the Dream Project, a Virginia nonprofit organization. I have personal knowledge of the facts set forth in this declaration and I am authorized to submit this declaration on behalf of the Dream Project.

2. The Dream Project is a Virginia-based nonprofit founded in 2010 that supports noncitizen students whose immigration status creates barriers to higher education. To accomplish this mission, the Dream Project provides scholarships, mentoring, family engagement, and advocacy.

3. Access to education is core to Dream Project's mission. The Dream Project provides scholarships, mentorship, family engagement, and holistic support to students throughout Virginia, including students who are undocumented, Deferred Action for Childhood Arrivals ("DACA") recipients, TPS holders, or otherwise excluded from federal financial aid. The Dream Project also provides students and schools with information about higher education

and assists undocumented students and those with DACA to understand eligibility for in-state tuition.

4. Many Dream Project scholars come from low-income backgrounds and lack access to federal financial aid, making in-state tuition and scholarships central to their educational plans. Without access to in-state tuition, students supported by the Dream Project could be forced to pay prohibitively high out-of-state rates, jeopardizing, if not eliminating, their ability to enroll or continue their education. This in turn stretches the resources of the Dream Project itself, as the resources they expend go further and fewer students are able to even access higher education in the first place.

5. The Dream Project serves students who have grown up in Virginia, attended Virginia public schools, and graduated from Virginia high schools. Many of our students meet the eligibility criteria for in-state tuition and state financial aid under Virginia Code §§ 23.1-502 and 23.1-505.1. These students rely on a combination of in-state tuition rates and our scholarships and support to enroll in and remain at Virginia public colleges and universities.

6. Dream Project students make critical educational and financial decisions in reliance on Virginia's Dream Act. Many select Virginia public institutions, commit to academic programs, sign housing leases, and accept scholarships based on the availability of in-state tuition. Without access to in-state tuition, the cost of attendance for these students would increase dramatically—often by tens of thousands of dollars over the course of a degree.

7. Many Dream Project students come from low-income households and are ineligible for federal financial aid. In-state tuition is often the difference between being able to attend college and being forced to delay, withdraw, or abandon higher education altogether. For some students, the loss of in-state tuition would make continued enrollment financially

impossible even with the scholarships we help with, which means we can no longer help them and thus frustrating our core mission by reducing the population served. Even for those we can help, we must divert more of our resources to pay for scholarships and other services in order to bridge the much wider financial gap.

8. If the challenged statutes are invalidated, the Dream Project would face immediate threats to its mission and current distribution of limited resources. Invalidation of the Virginia Dream Act would undermine the organization's core mission, disrupt ongoing scholarship and mentorship programs, and require the diversion of limited resources to crisis support for students facing sudden and severe financial hardship. The loss of in-state tuition eligibility would substantially impair the Dream Project's ability to carry out its educational mission in Virginia.

9. If the Virginia Dream Act was struck down, we would also need to make massive changes to how we carry out our mission. All of our materials and website would need to be redone, our outreach would become much more difficult as higher education in Virginia became much more difficult to access, and we would have to redesign our entire approach to our work, undoubtedly helping far fewer people afterwards regardless of the changes we might make based on the new financial reality for our students.

10. Neither the United States nor the Commonwealth of Virginia represents the interests of the Dream Project or the students it serves in this litigation, as both parties seek the same outcome, invalidating the Virginia Dream Act, despite how that will affect our organization and the communities we serve. Without intervention, the Court will not hear from the students and communities who will bear the direct consequences of that decree.

I declare under penalty of perjury that the foregoing is true and correct.

*Zuraya Tapia-Hadley*

_____
Zuraya Tapia-Hadley
Executive Director, Dream Project

DATED this 31st day of December, 2025.