IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF VIRGINIA, )<br>)<br>Defendant. )<br>)<br>) | Civil Action No. 3:25-cv-01067-REP |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant the Commonwealth of Virginia, by and through its counsel, makes the following assertions, admissions, and denials in answer to the claims filed against it by Plaintiff the United States of America.

## INTRODUCTION

Defendant admits that 8 U.S.C. § 1623 prohibits States from providing aliens who are not lawfully present in the United States with any postsecondary education benefit that is denied to U.S. citizens on the basis of residence. Defendant admits that, to the extent that any Virginia laws authorize conduct that impermissibly conflicts with 8 U.S.C. § 1623, federal law preempts those laws and that conduct. Defendant admits that this Court has jurisdiction to enjoin the enforcement of any Virginia laws that 8 U.S.C. § 1623 preempts.

Defendant admits that certain Virginia laws classify aliens unlawfully present in the United States as Virginia residents subject to certain conditions, and that said classification makes those aliens eligible for in-state tuition and state-administered financial assistance for public colleges and universities without extending the same benefit to non-resident U.S. citizens. Defendant admits that this statutory scheme, to the extent that it provides resident aliens who are unlawfully

present in the United States with postsecondary educational benefits while denying the same to non-resident U.S. citizens, is unlawful under and preempted by 8 U.S.C. § 1623 and the Supremacy Clause of the United States Constitution.

Defendant otherwise denies any remaining allegations in the Introduction.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

## PARTIES

4. Admitted.

5. Admitted.

## FEDERAL LAW

6. Admitted.

7. Admitted.

8. Defendant admits that the United States has the authority to regulate immigration matters by virtue of the United States Constitution, acts of Congress, and under Supreme Court precedent. Defendant further admits that 8 U.S.C. § 1623 has preemptive effect on any Virginia statute that conflicts with its terms. Defendant otherwise denies the allegations in paragraph 8.

9. Admitted.

10. Admitted.

11. Defendant lacks knowledge as to the "congressional purposes" behind the Immigration and Nationality Act (INA), except to the extent that any such purposes are expressed

in the text of the statute itself, and thus lacks sufficient information to form a belief as to the thrust of the factual allegations in paragraph 11 and neither admits nor denies them.

    12.    Defendant lacks knowledge as to any statutory objectives not expressly stated in the text of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). Defendant otherwise admits the allegations in paragraph 12.

    13.    Admitted.

    14.    Admitted.

    15.    Admitted.

    16.    Admitted.

## THE VIRGINIA LAW

    17.    Admitted.

    18.    Defendant denies the allegations in paragraph 18 to the extent that Virginia Code § 23.1-505.2 does not exist. Defendant otherwise admits the allegations in paragraph 18.

    19.    Defendant admits that Virginia Code § 23.1-502 is one of several Virginia statutes that governs qualification for in-statute tuition in Virginia public colleges and universities. Defendant admits that, together with Virginia Code § 23.1-505.1, the domicile of a student's parent or legal guardian may be relevant. Defendant admits that Virginia requires proof of domicile by clear and convincing evidence. Defendant otherwise denies the allegations in paragraph 19.

    20.    Defendant denies the allegations in paragraph 20 to the extent that Virginia Code § 23.1-500 defines "Domiciliary intent" to mean only "present intent to remain indefinitely." Defendant otherwise admits the allegations in paragraph 20.

    21.    Defendant admits that Virginia Code § 23.1-502 provides that a student qualifies for in-state tuition only upon demonstrating both that the student was domiciled in the

Commonwealth for at least one year after forming domiciliary intent and immediately preceding the claimed entitlement, and that the student abandoned any prior domicile, if one existed.

22.     Defendant admits that Virginia Code § 23.1-502(B) requires "clear and convincing evidence" of "domiciliary intent" as that term is defined in Virginia Code § 23.1-500. Defendant admits that Virginia Code § 23.1-503(A) provides that "Students shall not ordinarily establish domicile by the performance of acts that are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Students shall not establish domicile by mere physical presence or residence primarily for educational purposes." Defendant admits that Virginia Code § 23.1-503(G) provides that "Continuously enrolled non-Virginia students shall be presumed to be in the Commonwealth for educational purposes unless they rebut such presumption with clear and convincing evidence of domicile." Defendant admits the remaining allegations in paragraph 22 to the extent they are reflected in the express statutory language of Virginia Code §§ 23.1-502 and -503. Defendant otherwise denies the allegations in paragraph 22.

23.     Defendant admits that Virginia Code § 23.1-503(J) provides that a student may not be deemed ineligible to establish domicile and receive in-state tuition "solely on the basis of the immigration status of his parent." Defendant denies that this statutory section alone "affirmatively removes immigration status as a barrier" for a student to establish domicile.

24.     Defendant denies that Virginia Code § 23.1-505.1 is broken into subsections (A)(1), (A)(2), and (A)(3). Defendant otherwise admits the allegations in paragraph 24.

25.     Defendant admits the allegations in paragraph 25 to the extent they apply to in-state tuition eligibility provided under Virginia Code § 23.1-505.1 by graduating from a public high school. Defendant otherwise denies the allegations in paragraph 25.

26. Defendant admits that Virginia Code § 22.1-5 provides that "no person may be charged for admission or enrollment in the public schools of the Commonwealth, whether on a full-time or part-time basis, who meets the residency criteria set forth in § 22.1-3." Defendant otherwise admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27 to the extent that they are consistent with the express statutory language of Virginia Code §§ 22.1-3 and 22.1-5. Defendant otherwise denies the allegations in paragraph 27.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant admits that the in-state tuition costs to attend Virginia universities are lower than tuition costs for those who are not in-state residents. Defendant denies the allegation of a specific tuition rate for University of Virginia undergraduate students, as tuition rates can vary based on an undergraduate student's year and chosen department. Defendant otherwise denies the allegations in paragraph 31.

32. Defendant admits that Virginia law provides postsecondary educational benefits to aliens unlawfully present in the United States on the basis of residency, without providing those same benefits to U.S. citizens regardless of residency. Defendant otherwise denies the allegations in paragraph 32.

## THE VIRGINIA LAW IS PREEMPTED

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Defendant admits that Virginia Code §§ 23.1-502 and 23.1-505.1, as applied to aliens unlawfully present in the United States, impose a residency-based eligibility condition unavailable to non-resident U.S. citizens in violation of 8 U.S.C. § 1623(a).

## CLAIMS FOR RELIEF

## VIOLATION OF THE SUPREMACY CLAUSE
## (EXPRESS PREEMPTION)

44. The allegation in paragraph 44 is a statement of form that does not require any response.

45. Admitted.

## PRAYER FOR RELIEF

1. Defendant agrees that the Court should enter a final judgment declaring that Virginia Code §§ 23.1-502 and 23.1-505.1 violate the Supremacy Clause and therefore are invalid insofar as they apply to aliens who are not lawfully present in the United States, as reflected in the parties' Joint Motion for Entry of Consent Judgment, ECF No. 3.

2. Defendant agrees that the Court should enter a permanent injunction prohibiting Defendant, as well as its successors, agents, and employees, from enforcing Virginia Code §§ 23.1-

502 and 23.1-505.1, insofar as they apply to aliens who are not lawfully present in the United States, as reflected in the parties' Joint Motion for Entry of Consent Judgment, ECF No. 3.

3. Defendant denies that this Court should award the relief requested in paragraph 3 of the Prayer for Relief. Each party should bear its own costs, as reflected in the parties' Joint Motion for Entry of Consent Judgment, ECF No. 3.

4. Defendant denies that any further relief is just or proper.

Dated January 9, 2026

Respectfully submitted,

**COMMONWEALTH OF VIRGINIA**

By: /s/ *Kevin M. Gallagher*
      Kevin M. Gallagher (VSB #87548)
      *Solicitor General*

Jason S. Miyares
  *Attorney General*

Steven G. Popps
  *Chief Deputy Attorney General*

Thomas J. Sanford
  *Deputy Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
KGallagher@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

## CERTIFICATE OF SERVICE

      I certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties of record.

                                                          */s/ Kevin M. Gallagher*
                                                          Kevin M. Gallagher (VSB #87548)
                                                              *Solicitor General*