IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>THE COMMONWEALTH OF VIRGINIA,<br><br>        Defendant. | Civil No. 3:25-cv-01067 |

**DEFENDANT THE COMMONWEALTH OF VIRGINIA'S OPPOSITION TO VIRGINIA STUDENTS FOR AFFORDABLE TUITION'S MOTION TO INTERVENE**

Jason S. Miyares
   *Attorney General*

Steven G. Popps
   *Chief Deputy Attorney General*

Thomas J. Sanford
   *Deputy Attorney General*

Kevin M. Gallagher (VSB #87548)
   *Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
KGallagher@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................**Error! Bookmark not defined.**

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD ............................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

    I.    VSAT's motion to intervene is untimely ............................................................................2

    II.    VSAT lacks Article III standing to intervene ....................................................................4

    III.    VSAT's motion to intervene fails on the merits ................................................................6

    IV.    The Court should deny permissive intervention because intervention would unfairly prejudice the Commonwealth ..............................................................................9

CONCLUSION ........................................................................................................................ 10

CERTIFICATE OF SERVICE ................................................................................................. 12

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alt v. United States E.P.A.*,
  758 F.3d 588 (4th Cir. 2014) ................................................................................................9

*British Airways Bd. v. Port Authority*,
  71 F.R.D. 583 (S.D.N.Y. 1976) ............................................................................................9

*In re Cigar Ass'n of America*,
  812 Fed. Appx 128 (4th Cir. 2020) .......................................................................................9

*Commonwealth of Puerto Rico v. Franklin California Tax-free Trust*,
  579 U.S. 115 (2016) ..............................................................................................................8

*CSX Transp., Inc. v. U.S. Cruises, Inc.*,
  1993 WL 89813 (4th Cir. Mar. 30, 1993) .............................................................................9

*EEOC v. 1618 Concepts, Inc.*,
  432 F. Supp. 3d 595 (M.D.N.C. 2020) .................................................................................6

*In re Fine Paper Antitrust Litigation*,
  695 F.2d 494 (3d Cir. 1982) ..................................................................................................7

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ..............................................................................................................5

*Gould v. Alleco, Inc.*,
  883 F.2d 281 (4th Cir. 1989) ..............................................................................................10

*Harris-Reese v. United States*,
  2021 WL 3887707 (D. Md. Aug. 31, 2021) .......................................................................10

*State Farm Mut. Auto. Ins. Co. ex rel. Holley v. United States*,
  2003 WL 1873089 (E.D. La. Apr. 10, 2003) ........................................................................7

*Hollingsworth v. Perry*,
  570 U.S. 693 (2013) ..............................................................................................................4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..............................................................................................................5

*Outdoor Amusement Bus. Ass'n v. DHS*,
  983 F.3d 671 (4th Cir. 2020) ................................................................................................5

*Pacific Gas & Elec. Co. v. State Energy Res. Conservation Comm'n*,
   461 U.S. 190 (1983)..................................................................................................8

*Saavedra v. Murphy Oil U.S.A., Inc.*,
   930 F.2d 1104 (5th Cir. 1991)..................................................................................6

*Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
   713 F.3d 175 (4th Cir. 2013)...............................................................................5, 6

*Steves & Sons, Inc. v. JELD-WEN, Inc.*,
   323 F.R.D. 553 (E.D. Va. 2018)...............................................................................4

*Stuart v. Huff*,
   706 F.3d 345 (4th Cir. 2013)...............................................................................9, 10

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009)..................................................................................................5

*United States v. Missouri Pac. R. Co.*,
   278 U.S. 269 (1929)..................................................................................................7

*United States v. Oklahoma*,
   2025 WL 2815662 (E.D. Okla. Aug. 7, 2025)..........................................................7

*United States v. Texas*,
   350 F.R.D. 74 (N.D. Tex. 2025)...............................................................................7

*Virginia House of Delegates v. Benthune-Hill*,
   587 U.S. 658 (2019)..................................................................................................4

*Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*,
   840 F.2d 72 (D.C. Cir. 1988)....................................................................................6

*Young Conservatives of Texas Foundation v. Smatresk*,
   73 F.4th 304 (5th Cir. 2023)......................................................................................8

**Statutes**

8 U.S.C. § 1623.................................................................................................................9

Va. Code § 2.2-507..........................................................................................................5

Va. Code § 23.1-502........................................................................................................8

Va. Code § 23.1-505.1.....................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 24 ................................................................................................................2, 9

Press Release, United States Department of Justice, The Justice Department Files
    Complaint Challenging Virginia Laws Providing In-State Tuition and
    Financial Assistance for Illegal Aliens (December 30, 2025), available at
    https://tinyurl.com/yus2kvya ........................................................................................4

Press Release, United States Department of Justice, The Justice Department Files
    Complaint to Block Decades-Old Texas Laws Providing In-State Tuition for
    Illegal Aliens (June 4, 2025), available at https://tinyurl.com/mtse5xha .................4

**INTRODUCTION**

This is now the third intervention motion this Court must consider, with each one becoming progressively more deficient. Weeks after this lawsuit was filed, and over a week after this Court set an expedited briefing schedule on the initial motion to intervene, the Virginia Students for Affordable Tuition (VSAT) seek to intervene without providing *any* substantive arguments as to what the organization believes is wrong with the actual parties' legal positions in this case. This Court should deny intervention and expeditiously grant the joint motion for a consent judgment before similarly duplicative intervention motions inundate its docket.

Apart from offering no creditable legal theory in support of its motion to intervene, VSAT's intervention would mire the parties—and the Court—in protracted litigation against the will of the parties. That outcome is unwarranted, and VSAT's motion fails for a host of reasons. First, VSAT's attempt to intervene is untimely. Second, VSAT does not have standing to intervene. Third, the motion to intervene is futile because the intervention motion fails to raise any viable defense of the challenged statutes. Nor could it, because the United States' preemption claim is meritorious. Finally, intervention would prejudice the Commonwealth because the Commonwealth, and not VSAT, would bear the discovery burdens incurred by the VSAT's futile defenses.

Given the meritorious nature of the United States's preemption claim, the parties have agreed to a settlement. ECF No. 3, Joint Motion for Entry of Consent Judgment. The Court should deny VSAT's motion to intervene and should enter judgment consistent with the parties' settlement agreement without delay.

**LEGAL STANDARD**

To intervene as a matter of right, Federal Rule of Civil Procedure 24 requires a party to satisfy multiple criteria. The intervention must be on "timely motion," the moving party must establish "an interest relating to the property or transaction that is the subject of the action," the

1

moving party must be "so situated that disposition of the action may as a practical matter impair or impede" its interest, and the existing parties must not already "adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24 also permits a court to grant intervention permissively "[o]n timely motion" if the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Before granting permissive intervention, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Ibid.* Regardless of whether the moving party seeks to intervene as of right or permissively, the moving party must "state the grounds for intervention" and file "a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## ARGUMENT

VSAT's motion to intervene fails at multiple points. First, VSAT's motion is untimely. Second, VSAT lacks Article III standing to intervene in this action. Third, even if the motion were timely and VSAT had standing, VSAT fails to offer any defense that could overcome the United States's meritorious preemption claim.[1] And to the extent VSAT attempts to intervene on a permissive basis, intervention should be denied for the additional reason that intervention would prejudice the Commonwealth, who would bear the discovery burdens of VSAT's litigation. This Court should therefore deny VSAT's motion to intervene.

**I.    VSAT's motion to intervene is untimely**

Under Federal Rules of Civil Procedure 24(a) and 24(b), a party is only permitted to intervene on a "timely motion." Fed. R. Civ. P. 24(a), (b). VSAT's motion is not timely.

---

[1] Unless otherwise stated, this brief's discussion of preemption in this case incorporates the as-applied nature of the United States' claims and the terms of the consent judgment, under which the relevant Virginia statutes are preempted only "insofar as they apply to aliens who are not lawfully present in the United States." ECF No. 3 ¶ 7.

2

In defense of the timeliness of their motion, VSAT suggests that this suit "is in its earliest stages." ECF No. 29, Brief in Support of Mot. to Intervene (Mot.) 7. That is not the case. The United States filed its Complaint on December 29, 2025. ECF No. 1. The parties jointly moved for the entry of a consent judgment on December 30, 2025. ECF No. 3. The next day, on December 31, 2025, a different entity—the Dream Project—filed a motion to intervene. ECF No. 4. Since that time, the Court has already held a scheduling hearing on the Dream Project's motion to intervene. ECF No. 16. At that scheduling hearing, the Court explicitly rejected the Dream Project's requested timeline on which to submit their pleading. ECF No. 10. Instead, the Court ordered an expedited briefing schedule, giving the Dream Project one week to file. *Ibid.* (ordering the Dream Project to file the required pleading by January 13, 2026, and ordering the Commonwealth to respond to that pleading by January 16, 2026).

VSAT's intervention threatens to stack delay on top of delay. Over two weeks since the United States filed its Complaint, nine days after the Court's scheduling hearing on the Dream Project's intervention motion, and roughly 24 hours before the Commonwealth's opposition to intervention is due—VSAT also has moved to intervene. ECF Nos. 18, 19. VSAT insists that it filed its motion "expeditiously" and that any delay "was caused by the time it took for VSAT to become aware of this suit, identify its members' interests, and file this motion." Mot. 8. But that *ipse dixit* cannot justify its delay. That it would take almost three weeks to become aware of the suit and identify member interests is belied by the fact that the Dream Project was able to do both of these things within 48 hours of the complaint being filed. Indeed, the Justice Department issued a press release describing its complaint on December 30, 2025, the day after the complaint was

3

filed.[2] The Justice Department has filed at least five other complaints challenging similar laws in other states since June 2025, making it difficult to see how VSAT could not be on notice of the possibility of a similar complaint filed against Virginia's laws.[3]

The Court's discretion on ruling on VSAT's motion to intervene "is wide in this context." *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 557 (E.D. Va. 2018). This Court should exercise that discretion to deny VSAT's untimely motion to intervene.

## II.     VSAT lacks Article III standing to intervene

VSAT contends that it has standing because its "members face the imminent injury of loss of regular tuition rates, that would be caused by the approval of the Parties' consent order, and that can be redressed through a proper defense of the challenged statutes." Mot. 10 n.4. But VSAT's *members* did not seek to intervene; rather VSAT *itself* sought to intervene. But VSAT cannot establish associational standing. Its motion should thus be dismissed for lack of jurisdiction.

To begin, the Supreme Court "ha[s] never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013). Instead, it has repeatedly "decline[d] to do so." *Ibid*. And in the Commonwealth of Virginia, the elected Attorney General is vested with the "exclusive" "[a]uthority and responsibility for representing the State's interests in civil litigation." *Virginia House of Delegates v. Benthune-Hill*, 587 U.S. 658, 663–64 (2019). That authority extends to the "conduct of all civil litigation" including "[a]ll legal service in civil matters for the

---

[2] Press Release, United States Department of Justice, The Justice Department Files Complaint Challenging Virginia Laws Providing In-State Tuition and Financial Assistance for Illegal Aliens (December 30, 2025), available at https://tinyurl.com/yus2kvya.

[3] See, *e.g.*, Press Release, United States Department of Justice, The Justice Department Files Complaint to Block Decades-Old Texas Laws Providing In-State Tuition for Illegal Aliens (June 4, 2025), available at https://tinyurl.com/mtse5xha.

4

Commonwealth." Va. Code § 2.2-507(A). VSAT, on the other hand, is an advocacy organization that "exists for the purpose of promoting, advocating for, and ensuring access to affordable higher education in Virginia." Mot. 5. This Court should follow the Supreme Court's guidance and decline to recognize the standing of VSAT to intervene here.

Nor can VSAT establish the required elements of standing. To establish standing, VSAT must show that it has suffered an injury in fact that is cognizable under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). But the relief requested here—an injunction against the enforcement of preempted state statutes—"neither requires nor forbids any action" from VSAT. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Because VSAT is not the "object of the government action" challenged in this suit, VSAT's standing is "substantially more difficult to establish" and "much more is needed" than the usual allegations of injury. *Lujan*, 504 U.S. at 561 (cleaned up). VSAT has not made any such substantial showing of an Article III injury.

VSAT cannot base its standing on an associational theory. "An association has associational standing when at least one of its '*identified*' members 'would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'" *Outdoor Amusement Bus. Ass'n v. DHS*, 983 F.3d 671, 683 (4th Cir. 2020) (emphasis added) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000)). Thus, to establish associational standing, VSAT must specifically "identify members" who will suffer the requisite harm. *Summers*, 555 U.S. at 499; see also, *e.g.*, *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013) (denying organizational standing when plaintiff "has failed to identify a single *specific member* injured by" the challenged action). VSAT has not identified a single specific member by

5

name who was suffering harm at the time of filing. Without an injured member, there can be no plausible case for associational standing. And even if VSAT had identified a member, its standing argument would still fail because the nature of this case would require those members' individual participation. *OpenBand at Broadlands, LLC*, 713 F.3d at 184 (requiring an organization to show that "neither the claim nor relief sought requires the participation of individual members in the lawsuit" to establish associational standing). Here, any relief would turn on several individual determinations, including whether the member is a Virginia resident, lawfully present in the United States, and eligible for in-state tuition benefits.

VSAT's motion to intervene should be denied for lack of Article III standing.

### III.    VSAT's motion to intervene fails on the merits

VSAT does not include in its motion any substantive argument about the legal claims. That is fatal in and of itself. But presumably VSAT believes that the Virginia statutes are not preempted. See, *e.g.*, Mot. 12 (contending that the Commonwealth is not representing VSAT's interests because "the Parties have submitted a proposed consent order to declare the challenged statutes preempted"). But the statutes *are* preempted. The motion to intervene should thus be denied as futile.

Where an intervenor is unable to establish any legally viable claim or defense, courts deny the proposed intervention as futile. See, *e.g.*, *EEOC v. 1618 Concepts, Inc.*, 432 F. Supp. 3d 595, 607–09 (M.D.N.C. 2020) (denying intervention where proposed claims would "fail[] as a matter of law"). Rule 24 prohibits intervention by those who do not "allege a legally sufficient claim or defense." *Williams & Humbert Ltd. v. W. & H. Trade Marks (Jersey) Ltd.*, 840 F.2d 72, 75 (D.C. Cir. 1988). Thus, "a proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim." *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) (citation and quotations omitted). Futility is therefore a threshold inquiry in

6

evaluating the propriety of a non-party's request to intervene in an action. See *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 501 (3d Cir. 1982) (affirming denial of intervention where "it would be futile to allow intervention in order to present grounds on appeal which we have already rejected"); *State Farm Mut. Auto. Ins. Co. ex rel. Holley v. United States*, 2003 WL 1873089, at *3 (E.D. La. Apr. 10, 2003) (explaining that a court is "bound . . . to conclude that it is appropriate to deny a motion to intervene" if the intervenor's claims fail as a matter of law).

VSAT's attempted intervention is futile because it cannot state a legally viable defense of the challenged statutes. Both parties to this action—and the only two sovereign governments in the lawsuit—agree that 8 U.S.C. § 1623(a) preempts Virginia Code §§ 23.1-502 and 23.505.1 to the extent that they "appl[y] to aliens who are not lawfully present in the United States." ECF No. 3. There is no reasonable interpretation of those statutes that can avoid that result. *United States v. Missouri Pac. R. Co.*, 278 U.S. 269, 277 (1929) ("[W]here no ambiguity exists, there is no room for construction."). Indeed, several federal courts have already held that 8 U.S.C. § 1623(a) preempts similar state statutes. See, *e.g.*, *United States v. Texas*, 350 F.R.D. 74 (N.D. Tex. 2025) (denying intervention because 8 U.S.C. § 1623(a) "expressly preempts" similar law); *United States v. Oklahoma*, 2025 WL 2815662 (E.D. Okla. Aug. 7, 2025), *adopted by* 2025 WL 2815660 (E.D. Okla. Aug. 29, 2025) (observing 8 U.S.C. § 1623(a)'s express preemption of similar law and approving parties' joint motion for consent judgment).

8 U.S.C. § 1623(a) levies an unambiguous rule: "an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible" for the same benefit irrespective of residency. The statute expressly preempts any state law that operates in contradiction of its clear command. 8 U.S.C. § 1623(a) (providing that its rule governs

7

"[n]otwithstanding any other provision of law"); *Young Conservatives of Texas Foundation v. Smatresk*, 73 F.4th 304, 312 (5th Cir. 2023) ("Section 1623(a) contains an express preemption clause."); see also *Pacific Gas & Elec. Co. v. State Energy Res. Conservation Comm'n*, 461 U.S. 190, 203–04 (1983) ("Congress may pre-empt state authority by so stating in express terms."). If a statute has an express preemption clause, courts "do not invoke any presumption against preemption but instead focus on the plain wording of the clause." *Commonwealth of Puerto Rico v. Franklin California Tax-free Trust*, 579 U.S. 115, 125 (2016) (quotation and citation omitted). Thus, to the extent Virginia law conflicts with 8 U.S.C. § 1623(a)'s plain wording, Virginia law is preempted.

The challenged Virginia laws are preempted because they permit precisely what 8 U.S.C. § 1623(a) forbids. As the United States explained in its complaint, the Commonwealth permits a reduced in-state tuition only for those who establish "domicile in the Commonwealth for a period of at least one year." Va. Code § 23.1-502. Thus, in-state tuition in the Commonwealth turns on the residency status of the student such that, as a default rule, non-resident citizens may not receive in-state tuition. *Ibid.* Separately, Virginia Code § 23.1-505.1 establishes three criteria for "any student" to qualify for in-state tuition. Va. Code § 23.1-505.1. The student must have "attended high school for at least two years in the Commonwealth," have (or have a parent who has) "filed . . . Virginia income tax returns for at least two years prior to the date of registration or enrollment," and have "register[ed] as an entering student . . . in a public institution . . . or private institution of higher education." *Ibid.* Any student who satisfies those criteria is "eligible for in-state tuition regardless of citizenship status or immigration status" and is entitled to "the same educational benefits . . . as any other individual who is entitled for in-state tuition." *Ibid.* In other words, unlawful aliens residing within the borders of the Commonwealth who meet those criteria

8

are entitled to a "postsecondary education benefit" that is not provided to United States citizens who cannot satisfy those criteria because they live outside of the Commonwealth. 8 U.S.C. § 1623. That is a clear-cut case of express preemption.

### IV. The Court should deny permissive intervention because intervention would unfairly prejudice the Commonwealth

VSAT's motion for permissive intervention should be denied for the additional reason that any such intervention would unfairly prejudice the Commonwealth. Under Rule 24(b), district courts have discretion to allow permissive intervention only after considering "prejudice [to] the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). Here, permitting intervention would prejudice the Commonwealth because the Commonwealth would bear any discovery burdens imposed by further litigation, and the Commonwealth has already sought to avoid those costs by settling the matter considering the United States's meritorious claims.

In the Fourth Circuit, courts consider the "extra effort" that intervention would impose on a party before permitting intervention. *Alt v. United States E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014); see also *In re Cigar Ass'n of America*, 812 Fed. Appx 128, 138 (4th Cir. 2020) ("[W]e have previously found that the expenditure of 'extra effort[s]' on the part of the parties could amount to prejudice on which a district court may base its denial of a motion to intervene." (citing *Alt*, 758 F.3d at 591)). Permitting VSAT to intervene would require extra effort from the Commonwealth. *British Airways Bd. v. Port Authority*, 71 F.R.D. 583, 585 (S.D.N.Y. 1976) ("Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments, motions.") (quotation omitted). The addition of VSAT would be especially prejudicial here, given that both parties have already agreed to a settlement that would end the suit. *CSX Transp., Inc. v. U.S. Cruises, Inc.*, 1993 WL 89813, at *2

9

(4th Cir. Mar. 30, 1993) (affirming district court's denial of intervention motion where "intervention likely would have required substantial additional litigation"); *Gould v. Alleco, Inc.*, 883 F.2d 281, 286–87 (4th Cir. 1989) (same).

Further, additional litigation and discovery expenses are burdens that may warrant denial of a motion to intervene. *Stuart v. Huff*, 706 F.3d 345, 350 (4th Cir. 2013) (affirming denial of intervention and observing that intervenors "necessarily complicate the discovery process and consume additional resources of the court and the parties"); *Harris-Reese v. United States*, 2021 WL 3887707, at *3 (D. Md. Aug. 31, 2021) (permitting intervention where the intervening party "expressly stated that it has no intention of interfering with the existing discovery schedule"). Here, absent intervention, *no* additional litigation, much less discovery, would occur. Thus, permitting VSAT to intervene would force the Commonwealth, contrary to its decision to settle this suit, to engage in discovery on behalf of VSAT's chosen defenses. That is clear prejudice to the Commonwealth. Further, it is unnecessary prejudice, given the clear merit of the United States's claims and the Commonwealth's decision to settle them. The Court should not permit VSAT to conscript the Commonwealth's employees, lawyers, and taxpayers into defending its ultimately futile arguments.

## CONCLUSION

The Court should deny VSAT's motion to intervene.

Respectfully submitted,

**COMMONWEALTH OF VIRGINIA**

By: */s/ Kevin M. Gallagher*
    Kevin M. Gallagher (VSB #87548)
    *Solicitor General*

Jason S. Miyares
 *Attorney General*

Steven G. Popps
 *Chief Deputy Attorney General*

Thomas J. Sanford
 *Deputy Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
KGallagher@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

11

## CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                      */s/ Kevin M. Gallagher*
                                      Kevin M. Gallagher