IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  COMMONWEALTH OF VIRGINIA,  Defendant. | CIVIL No. 3:25-cv-1067 |

**NOTICE OF WITHDRAWAL OF CONSENT TO ENTRY OF CONSENT JUDGMENT**

PLEASE TAKE NOTICE that Defendant Commonwealth of Virginia, by and through its attorneys of record, hereby withdraws its consent to entry of a Consent Judgment in the above-captioned matter. ECF No. 3.

Following the change in Administration on January 17, 2026, the Attorney General has reconsidered Virginia's position in this case. After careful review of the filings and pertinent precedents, Virginia is now of the view that Virginia Code §§ 23.1-502 and 23.505.1 ("the Virginia Dream Act") do not violate the Supremacy Clause and are not preempted by 8 U.S.C. § 1623.[1]

---

[1] In any event, the Fourth Circuit has cautioned that courts should not give a settlement "mere boilerplate approval phrased in appropriate language but unsupported by evaluation of the facts or analysis of the law." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975) (internal quotation marks and citations omitted). Instead, courts must apply a two-point inquiry: "(i) is the agreement illegal, collusive, or otherwise against public policy[,] and (ii) is it fair, adequate, and reasonable?" *American Canoe Ass'n v. United States EPA*, 54 F. Supp. 2d 621, 625 (E.D. Va. 1999). Given the timing of the Joint Motion for Entry of Consent Judgment (one day after the United States filed its Complaint), the filings of proposed intervenors raise serious questions

"[T]he parties' consent animates the legal force of a consent decree." *Local Number 93, International Assoc. of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (citations omitted). When the parties submit a proposed consent decree, it "become[s] a binding obligation only upon the court's approval." *NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F.4th 395, 406 (4th Cir. 2022) (citations omitted). Moreover, courts have held that a party generally has the right to revoke consent at any time before the rendition of a judgment. *See, e.g., MedVision, Inc. v. MediGain, LLC,* Civil Action No. 3:15-CV-77-L, 2017 U.S. Dist. LEXIS 48744, *30 (N.D. Tex. March 31, 2017) ("Until the court renders judgment, either party may revoke the settlement.") (internal quotation marks and citations omitted); *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) ("[A] party has the right to revoke his consent at any time before the rendition of judgment.") (citation omitted). This is not the rare circumstance where a court and the parties have invested significant time in testing the complaint, come to a settlement agreement, had the court enter a provisional consent decree, and then tested the fairness of the settlement agreement only to have a party back out after all of that. *E.g. United States v. North Carolina*, 180 F.3d 574, 582 (4th Cir. 1999). Here, the proposed consent judgment was filed less than three weeks before a change in administration, reflects a misinterpretation of Virginia law, and did not involve any testing of the Complaint or the terms of the consent judgment by the Court before the change in position.

---

about whether the proposed consent judgment should be approved even if Virginia was not withdrawing its consent. ECF Nos. 3, 9-10, 18-19, 28-29.

Accordingly, given Virginia's withdrawal of its consent as to the Joint Motion for Entry of Consent Judgment, the proposed Consent Judgment can no longer be entered, and the Joint Motion for Entry of Consent Judgment (ECF No. 3) should now be denied.[2]

Dated January 20, 2026                                      Respectfully submitted,

                                                            COMMONWEALTH OF VIRGINIA

                                                            By: */s/ R. Trent Taylor*

                                                            Tillman J. Breckenridge
                                                            *Solicitor General*
                                                            R. Trent Taylor (VSB No. 47468)
                                                            *Deputy Solicitor General*

Jay Jones                                                   Office of the Attorney General
 *Attorney General*                                         202 North Ninth Street
                                                            Richmond, VA 23219
Travis G. Hill                                              (804) 786-2071 - Telephone
 *Chief Deputy Attorney General*                            (804) 786-1991 - Facsimile
                                                            TTaylor@oag.state.va.us

Gretchen Nygaard
 *Deputy Attorney General*                                  *Counsel for the Commonwealth of Virginia*

---

[2] Virginia plans to exercise its right to amend its answer pursuant to Fed. R. Civ. P. 15(a)(1)(A) no later than January 30, 2026.

## **CERTIFICATE OF SERVICE**

I certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all parties of record.

*/s/ R. Trent Taylor*

R. Trent Taylor (VSB No. 47468)
*Deputy Solicitor General*
