IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-01067 |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER AND DEFENSES

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant Commonwealth of Virginia respectfully states the following for its Amended Answer and Defenses in response to the Complaint filed by Plaintiff United States of America, ECF No. 1:

## ANSWER

## INTRODUCTION[1]

The Complaint's Introduction consists of narrative legal arguments and conclusions in unnumbered paragraphs in violation of Rule 10(b) and does not require a response. Insofar as the Complaint's Introduction requires a response, it refers to provisions of the U.S. Constitution, U.S. Code, and Virginia Code, which speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies the Introduction's assertion that the referenced provisions of the U.S. Code preempt the referenced provisions of the Virginia Code.

---

[1] For ease of reference, the Commonwealth's Answer includes titles and headings from the United States' Complaint. The Commonwealth does not consider the titles and headings to require a response; however, insofar as any responses are required, it denies allegations in the titles and headings consistent with the other responses in its Answer and Defenses.

**JURISDICTION AND VENUE**

1.     Complaint ¶ 1 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 1 requires a response, the Commonwealth admits that the case presents a federal question and that the United States is Plaintiff. In addition, Complaint ¶ 1 refers to provisions of the U.S. Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

2.     Complaint ¶ 2 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 2 requires a response, the Commonwealth admits that venue is proper in this District. In addition, Complaint ¶ 2 refers to a provision of the U.S. Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

3.     Complaint ¶ 3 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 3 requires a response, it refers to provisions of the U.S. Constitution and U.S. Code and the jurisprudence defining this Court's equitable powers, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

**PARTIES**

4.     Responding to Complaint ¶ 4, the Commonwealth admits that the United States initiated this civil action as Plaintiff. Responding to the remaining allegations in Complaint ¶ 4, these consist of generalized assertions as to the constitutional, statutory, and regulatory authority of the United States and their agencies, which do not require a response. Insofar as such remaining allegations in Complaint ¶ 4 require a response, they refer to provisions of the U.S. Constitution, U.S. Code, and Code of Federal Regulations, which speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

5.       The Commonwealth admits Complaint ¶ 5's allegations.

## FEDERAL LAW

6.       Complaint ¶ 6 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 6 requires a response, it refers to provisions of the U.S. Constitution that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

7.       Complaint ¶ 7 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 7 requires a response, it refers to provisions of the U.S. Constitution that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

8.       Complaint ¶ 8 consists of generalized assertions as to the legal authority of the United States, which do not require a response. Insofar as Complaint ¶ 8 requires a response, it refers to provisions of the U.S. Constitution, Acts of Congress, and precedents of the U.S. Supreme Court, which speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

9.       Complaint ¶ 9 consists of generalized assertions as to the legal authority of the United States, which do not require a response. Insofar as Complaint ¶ 8 requires a response, it refers to provisions of the U.S. Constitution, which speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

10.      Complaint ¶ 10 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 10 requires a response, it refers to provisions of Executive Orders that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

11.    Complaint ¶ 11 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 11 requires a response, it refers to provisions of Executive Orders and an Act of Congress that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

12.    Complaint ¶ 12 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 12 requires a response, it refers to provisions of an Act of Congress and of the U.S. Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

13.    Complaint ¶ 13 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 13 requires a response, it refers to a provision of the U.S. Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

14.    Complaint ¶ 14 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 14 requires a response, it refers to provisions of the U.S. Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

15.    Complaint ¶ 15 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 15 requires a response, it refers to provisions of the U.S. Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

16.    Complaint ¶ 16 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 16 requires a response, it refers to a provision of the U.S. Code that speaks for itself,

and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

## THE VIRGINIA LAW

17.    Complaint ¶ 17 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 17 requires a response, it refers to provisions of federal law and Virginia law that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies Complaint ¶ 17's assertion that the referenced provisions of Virginia law are "[i]n direct conflict with federal law[.]"

18.    Complaint ¶ 18 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 18 requires a response, it refers to a nonexistent section of the Virginia Code, and the Commonwealth denies the allegations insofar as they reference such nonexistent section. In addition, the Commonwealth denies the allegations insofar as they are inconsistent with any existing provision of Virginia law.[2]

19.    Complaint ¶ 19 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 19 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

---

[2] Without amending their Complaint, the United States filed a Notice of Errata to "correct" Complaint ¶ 18's "inadvertent statute citation" to the nonexistent Virginia Code § 23.1-505.2 instead of § 23.1-505.1, ECF No. 52, attaching a corrected version of the Complaint, ECF No. 52-1. Insofar as the corrected version of Complaint ¶ 18 is considered operative, it asserts legal conclusions that do not require a response. And insofar as it requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

20.    Complaint ¶ 20 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 20 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

21.    Complaint ¶ 21 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 21 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

22.    Complaint ¶ 22 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 22 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

23.    Complaint ¶ 23 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 23 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

24.    Complaint ¶ 24 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 24 requires a response, it refers to provisions of the Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Insofar as Complaint ¶ 24 refers to nonexistent subsections of Virginia Code § 23.1-505.1, the Commonwealth denies the allegations insofar as they reference such nonexistent subsections. In addition, the Commonwealth denies the allegations insofar as they are inconsistent with any existing provision of Virginia law.

25.      Complaint ¶ 25 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 25 requires a response, it refers to a provision of the Virginia Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

26.      Complaint ¶ 26 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 26 requires a response, it refers to provisions of the Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

27.      Complaint ¶ 27 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 27 requires a response, it refers to provisions of Virginia law that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

28.      Complaint ¶ 28 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 28 requires a response, it refers to provisions of the Virginia Constitution and Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

29.      Complaint ¶ 29 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 29 requires a response, it refers to provisions of Virginia law that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

30.      Complaint ¶ 30 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 30 requires a response, it refers to provisions of the U.S. Code and Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are

inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies Complaint ¶ 30's assertion that the referenced provisions of Virginia law "directly conflict[] with federal law" and "are preempted under the Supremacy Clause."

31.     Responding to Complaint ¶ 31, the Commonwealth admits that the tuition costs for those that are eligible for in-state tuition at Virginia universities are lower than tuition costs for those who are not eligible for in-state tuition. Insofar as Complaint ¶ 31 refers to the contents of a webpage, which speak for themselves, the Commonwealth denies the allegations insofar as they are inconsistent with that source. The Commonwealth denies Complaint ¶ 31's remaining allegations.

32.     Complaint ¶ 32 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 32 requires a response, it refers to provisions of federal law and Virginia law that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies Complaint ¶ 32's assertion that the referenced provisions of Virginia law "grant[] preferential treatment to unlawfully present individuals in violation of federal law."

## THE VIRGINIA LAW IS PREEMPTED

33.     Complaint ¶ 33 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 33 requires a response, it refers to a provision of the U.S. Constitution that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

34.     Complaint ¶ 34 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 34 requires a response, it refers to a decision of the U.S. Supreme Court that speaks

for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

35.     Complaint ¶ 35 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 35 requires a response, it refers to decisions of the U.S. Supreme Court that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

36.     Complaint ¶ 36 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 36 requires a response, it refers to decisions of the U.S. Supreme Court that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

37.     Complaint ¶ 37 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 37 requires a response, it refers to decisions of the U.S. Supreme Court and of the U.S. Court of Appeals for the Fourth Circuit that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

38.     Complaint ¶ 38 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 38 requires a response, it refers to a provision of the U.S. Code and decisions of the U.S. Court of Appeals for the Fifth Circuit and the U.S. District Court for the Eastern District of Virginia that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law.

39.     Complaint ¶ 39 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 39 requires a response, it refers to a provision of the U.S. Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

40.      Complaint ¶ 40 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 40 requires a response, it refers to a provision of the U.S. Code that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

41.      Complaint ¶ 41 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 41 requires a response, it refers to provisions of the U.S. Code and Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies Complaint ¶ 41's assertions that the referenced provisions of the Virginia Code "conflict with" the referenced provision of the U.S. Code, denies that they "are preempted under the Supremacy Clause," and denies that they "are therefore unconstitutional."

42.      Complaint ¶ 42 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 42 requires a response, it refers to a decision of the U.S. Supreme Court that speaks for itself, and the Commonwealth denies the allegations insofar as they are inconsistent with that source or other applicable law.

43.      Complaint ¶ 43 asserts legal conclusions that do not require a response. Insofar as Complaint ¶ 43 requires a response, it refers to provisions of the U.S. Code and Virginia Code that speak for themselves, and the Commonwealth denies the allegations insofar as they are inconsistent with those sources or other applicable law. Responding further, the Commonwealth denies Complaint ¶ 43's assertions that the referenced provision of the Virginia Code "violates" an "explicit prohibition" in the referenced provision of the U.S. Code.

## CLAIMS FOR RELIEF

### VIOLATION OF THE SUPREMACY CLAUSE
### (EXPRESS PREEMPTION)

44.    Responding to Complaint ¶ 44, the Commonwealth incorporates by reference the preceding paragraphs of its Answer as if fully stated herein.

45.    The Commonwealth denies the allegations in Complaint ¶ 45.

### PRAYER FOR RELIEF

The Commonwealth denies that the United States are entitled to any of the relief requested in ¶¶ 1-4 of the Prayer for Relief on page 12 of the Complaint or to any other forms of relief whatsoever. Consistent with the other responses in its Answer and Defenses, the Commonwealth denies the Complaint's allegations not specifically admitted in the foregoing paragraphs. The Commonwealth reserves the right to amend the responses in its Answer, including on the basis of any information or material that may be discovered or otherwise become apparent in the course of this litigation including discovery and at trial.

### DEFENSES

In defense against the United States' Complaint, the Commonwealth further states:

1.    The United States fail to state a claim upon which relief can be granted.

2.    The United States are not entitled to any of the relief that they seek in this case.

3.    Virginia Code §§ 23.1-502 and -505.1 are lawful exercises of the Commonwealth's powers. They are not, in any way, preempted by 8 U.S.C. § 1623(a), or any other law, under the Supremacy Clause of the U.S. Constitution.

4.    The Complaint interprets federal law to commandeer State regulatory resources and require other changes in state law in violation of the Tenth Amendment to the U.S. Constitution and principles of federalism.

5.       The Commonwealth reserves the right to amend its Defenses, including on the basis of any information or material that may be discovered or otherwise become apparent in the course of this litigation including discovery and at trial.

WHEREFORE, Defendant Commonwealth of Virginia respectfully requests that the Court award judgment in its favor and against Plaintiff United States of America, dismiss the Complaint, and award the Commonwealth such other relief as may be just and proper.

Jay Jones                                                Respectfully submitted,
 *Attorney General*

                                                         COMMONWEALTH OF VIRGINIA
Travis G. Hill
 *Chief Deputy Attorney General*          By:   /s/ Robert S. Claiborne, Jr.
                                                         Robert S. Claiborne, Jr. (VSB No. 86332)*
Tillman J. Breckenridge (VSB No. 84657)*        *Assistant Attorney General*
 *Solicitor General*                             OFFICE OF THE ATTORNEY GENERAL
                                                         202 North Ninth Street
Gretchen E. Nygaard (VSB No. 82475)*      Richmond, Virginia 23219
 *Deputy Attorney General*                       Telephone: (804) 482-2275
                                                         Facsimile: (804) 371-2087
R. Trent Taylor (VSB No. 47468)*              rclaibornejr@oag.state.va.us
 *Deputy Solicitor General*

Calvin C. Brown (VSB No. 93192)*
 *Senior Assistant Attorney General/*
 *General Civil Unit Manager*                    *\* Counsel of Record for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2026, I filed the foregoing using the Court's CM/ECF filing system, which sends an electronic notification of the same to counsel of record.

By:  /s/ Robert S. Claiborne, Jr.
Robert S. Claiborne, Jr. (VSB No. 86332)*
 *Assistant Attorney General*

*\* Counsel of Record for Defendant*