**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF VIRGINIA,<br><br>Defendant. | Case No. 3:25-cv-01067 |

**PLAINTIFF'S OPPOSITION TO PROPOSED STUDENT INTERVENORS' MOTION FOR LEAVE TO PROCEED USING PSEUDONYMS**

Plaintiff United States of America seeks to permanently enjoin the enforcement of unconstitutional provisions of the Virginia Education Code that are expressly preempted by federal immigration law. Sections 23.1-502 and 23.505.1 enable illegal aliens to qualify for postsecondary education benefits at public colleges and universities in Virginia based on residence while excluding U.S. citizens from those benefits who do not meet the residency requirements. *See* Dkt. 1. On December 30, 2025, Plaintiff and Defendant jointly filed a Motion for Entry of Consent Judgment agreeing that the cited provisions are preempted and requesting that this Court order a permanent injunction of the unconstitutional provisions.[1] Dkt. 3.

[1] On January 20, 2026, Defendant filed a Notice seeking to withdraw its previous consent to the joint motion for entry of consent judgment. Dkts. 3, 42. However, as Defendant failed to properly make this request for a court order by motion under Fed. R. Civ. P. 7(b)(1) and E.D. Va. Civ. R. 7(E)-(F), Plaintiff views the Notice as having no effect on the pending joint motion for entry of consent judgment and Defendant's position therein that the challenged Virginia statutes are preempted. Dkt. 46 (Plaintiff's Response to Defendant's Notice of Withdrawal of Consent to Entry of Consent Judgment).

On January 14, 2026, Alex Doe and Belinda Doe (Proposed Student Intervenors) filed a Motion to Intervene and to Stay Adjudication of Joint Motion for Entry of Consent Judgment, and a Motion for Leave to Proceed Under Pseudonyms. *See* Dkts. 18-21.

As an initial matter, as discussed in concurrently filed briefing, this Court should deny Proposed Student Intervenors' Motion to Intervene and to Stay Adjudication of Joint Motion for Entry of Consent Judgment. *See* Dkts. 59-60 (Plaintiff's Opposition to Proposed Student Intervenors' Motion to Intervene and Plaintiff's Opposition to Proposed Student Intervenors' Motion to Stay Adjudication of Joint Motion for Entry of Consent Judgment). To the extent this Court allows Proposed Student Intervenors permissive intervention, they have failed to show that the use of pseudonyms is necessary here. Therefore, the Court should deny the instant motion.

## LEGAL STANDARD

There is "a presumption that parties must sue and be sued in their own names." *Doe v. Sidar*, 93 F.4th 241, 246 (4th Cir. 2024), *Doe v. Doe*, 85 F.4th 206, 210 (4th Cir. 2023) [hereinafter *Doe I*]. "Identifying the parties in judicial proceedings is a vital component of the courts' facilitation of public access and public scrutiny of judicial proceedings. In short, the people have a right to know who is using their courts." *Candidate No. 452207 v. CFA Inst.*, 42 F. Supp. 3d 804, 806 (E.D. Va. 2012) (citations, quotations, and alterations omitted). Only "in exceptional circumstances, compelling concerns related to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) [hereinafter *Doe II*] (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993))

The Fourth Circuit has held that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support

such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Doe II*, 749 F.3d at 274; *see also Doe v. Evident ID Inc.*, 603 F.Supp.3d 292, 294 (S.D. W.Va. 2022). In doing so, courts consider:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or … to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Jacobson*, 6 F.3d at 238. Although this list is not exhaustive, courts may consider these factors when determining whether an exceptional circumstance exists that would warrant the use of a pseudonym. *Id.*; *see also Doe v. Pittsylvania County, VA*, 844 F.Supp.2d 724, 728 (W.D. Va. 2012) [hereinafter *Doe III*]; *see also Doe v. Weston & Sampson Eng'rs, Inc.*, 743 F.Supp.3d 751, 756 (D. S.C. 2024) ("No single factor is dispositive.")

**ARGUMENT**

Proposed Student Intervenors are two illegal aliens who "attend Virginia public institutions of higher education and are eligible for in-state tuition rates because of the Dream Act." Dkt. 21 at 1. They seek not only to proceed pseudonymously as third-party intervenors, but *anonymously*—i.e., they seek to hide their identities because they claim that revealing their identities "would make them vulnerable to retaliation and targeting by the Plaintiff." Dkt. 21 at 4. But the use of a pseudonym is a "rare dispensation" and "the circumstances must be exceptional." *Doe I*, 85 F.4th at 211; *James*, 6 F.3d at 238. Here, Proposed Student Intervenors' speculative retaliatory fears based on broad policy measures do not meet the required showing that they need anonymity in this case.

## I. The Balance of Factors Tips Against Anonymity

Proposed Student Intervenors failed to show that when considering the relevant factors, their circumstances demonstrate that anonymity is needed. *See* Dkt. 21.

The first *Jacobson* factor—whether anonymity would preserve their privacy in a matter of a sensitive and highly personal nature—weighs against permitting Proposed Student Intervenors to proceed anonymously here. Neither of the Proposed Student Intervenors specifically allege any facts to satisfy the first factor warranting the preservation of their identities. To the extent they argue that their immigration status, or lack thereof, warrants anonymity, this Court and others have repeatedly held that undocumented status is not highly sensitive nor personal. *See Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004) [hereinafter *Doe IV*] ("[U]nlawful or problematic immigration status is simply not the type of 'personal information of the utmost intimacy' that warrants abandoning the presumption of openness in judicial proceedings.") (citations omitted); *see also Doe I v. City of Alabaster, Ala.*, 2:11cv3448, 2012 WL 13088882, at *5 (N.D. Ala. Apr. 26, 2012) ("undocumented status… is not highly sensitive nor personal[.]"); *compare Day v. Sebelius*, 227 F.R.D. 668, 679 (D. Kan. 2005) ("The court … appreciates the fact that undocumented alien status is a sensitive matter. However, particularly in this day and age … this sort of information strikes the court as fundamentally distinguishable from the type of 'highly personal' information that has led other courts to grant leave to proceed anonymously[.]") (citation omitted), *with Candidate No. 452207*, 42 F. Supp. 3d at 808-09 ("[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families."); *see also Patient v. Corbin*, 37 F.Supp.2d 433, 434 (E.D. Va. 1998) (allowing a plaintiff

to proceed using pseudonym to prevent the public from discovering that her husband was living with HIV).

Considering the second *Jacobson* factor, whether identification poses a risk of retaliatory physical or mental harm, Proposed Student Intervenors' main argument is that "[i]f their identities and immigration status are publicly disclosed, they may well become subject to targeting and enforcement action." Dkt. 21 at 5. They posit possible government retaliation by speculating that "if they are personally identified as opposing the administration's attempt to challenge the Virginia Dream Act, they and their families will face a much higher likelihood of being detained and or deportation [sic] by ICE." *Id.* at 4-5. There is no evidence to support these claims. Proposed Student Intervenors do not allege specific threats or retaliatory actions made against them by government actors, nor do they offer any legal support for their argument. *Id.* Instead, they only cite to general news articles discussing the current Administration's deportation operation in 2025, the increase of individuals in immigration detention, and the number of individuals detained in Virginia in the first six months of 2025. *Id.* at 3-4. Proposed Student Intervenors do not offer any "evidence of a risk beyond [their] bare assertion that [they] *could* be targeted for retaliation if [their] name[s] were public." *Doe I*, 85 F.4th at 213 (emphasis in original); *see also Student A. v. Liberty Univ., Inc.*, 602 F.Supp.3d 901, 920 (W.D. Va. 2022) (explaining that the plaintiffs "argued and provided evidence to support more than a mere 'general fear' of retaliation"). Even if generalized allegations based on broad policy measures were enough, Proposed Student Intervenors have not shown why they are more at risk than the thousands of aliens and citizens who sue the Government annually. *See, e.g.*, *Brnovich v. Biden*, No. CV-21-01568-PHX-MTL, 2021 WL 7630109, at *3 (D. Ariz. Dec. 15, 2021) (denying pseudonym to federal employee suing over the vaccine mandate, noting the threat of retaliation was no different than that faced by any

other federal employee challenging the vaccine mandate); *Doe IV*, 219 F.R.D. at 392 (ruling "immigration status is not a matter of sensitive and highly personal nature" that requires pseudonyms) (internal marks omitted)).

Finally, while Proposed Student Intervenors both claim to have generally developed anxiety over immigration enforcement, Dkt. 21 at 5, their concerns with removal are not reasonably tied to the government's knowledge of their individual identities in this litigation. Indeed, many issues that are more controversial than this one, including those with minor plaintiffs, have not been anonymous. *E.g., Fisher v. Univ. of Tex.*, 579 U.S. 365 (2016) (challenge by named high school students to university's affirmative action policies); *Kerry v. Din*, 576 U.S. 86 (2015) (challenge by named citizen to refusal to issue a visa to Taliban-affiliated spouse); *Zivotofsky v. Clinton*, 566 U.S. 189 (2012) (challenge by named 10-year-old plaintiff to refusal to list "Jerusalem, Israel" on his passport); *see also Doe v. Kamehameha Sch.*, No. 08-00359 JMS-BMK, 2008 WL 4755674, at *8 (D. Haw. Oct. 28, 2008) ("The federal courts have heard many controversial education-related civil rights cases brought by minor plaintiffs who proceeded in their own names.") (collecting cases).

Turning to the third factor, the age of the persons whose privacy is sought to be protected, Proposed Student Intervenors are not minors and therefore anonymity does not weigh in their favor. *See Doe III*, 844 F.Supp.2d at 731 (finding that the third factor weighed against permitting the plaintiff to proceed by pseudonym where he was not a minor).

Finally, the last two factors of the analysis—whether the action is against a governmental or private party and the risk of unfairness to the opposing party—also weigh against anonymity. While it is true that courts are generally less likely to allow pseudonyms with a private party versus when a governmental entity is a party, proceeding anonymously is still the exception, the default

presumption is that the parties will use their names. *See Doe I*, 85 F.4th at 210-11 (cleaned up) ("Pseudonymous litigation undermines the public's right of access to judicial proceedings because the public has an interest in knowing the names of litigants, and disclosing the parties' identities further openness of judicial proceedings."). "To grant this factor dispositive effect would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation." *Doe IV*, 219 F.R.D. at 394. Recognizing that Proposed Student Intervenors are seeking to join as a third party, they are choosing to do so on their own volition. And even though they argue that the substantive issue does not depend on their identification, Dkt. 21 at 5-6, "an assessment of [Proposed Student Intervenors'] standing to litigate these issues clearly does depend on their identity." *Doe IV*, 219 F.R.D. at 394. Plaintiff, "of course, must in fairness be allowed to explore whether [Proposed Student Intervenors] have standing, which they can only do if [they] are identified." *Id.*

The prejudice to Plaintiff outweighs Proposed Student Intervenors expressed need for anonymity as they do not need to join this case, but if permitted to intervene, Plaintiff will be unable to investigate their claims beyond what they chose to include in their anonymously signed affidavits.

**CONCLUSION**

Wherefore, the Court should deny Proposed Student Intervenors' motion for leave to proceed anonymously.

DATED: January 28, 2026

TODD W. BLANCHE
Deputy Attorney General

STANLEY E. WOODWARD, JR.
Associate Attorney General

Respectfully submitted,

<u>*/s/ Robert O. Lindefjeld*</u>
ROBERT O. LINDEFJELD
DC Bar No. 44423
Trial Attorney
United States Department of Justice

Office of Immigration Litigation

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ABHISHEK S. KAMBLI
Deputy Associate Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

ELIANIS N. PÉREZ
Assistant Director
Office of Immigration Litigation

P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 305-7000
Telephone: (202) 451-7488
Email: robert.o.lindefjeld@usdoj.gov

/s/ *Jonathan H. Hambrick*
Jonathan H. Hambrick
VSB No. 37590
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-5400
Facsimile: (804) 771-2316
Email: jay.h.hambrick@usdoj.gov

*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

*/s/ Robert O. Lindefjeld*
ROBERT O. LINDEFJELD
DC Bar No. 44423
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Fax: (202) 305-7000
Telephone: (202) 451-7488
Email: robert.o.lindefjeld@usdoj.gov