IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Civil Action No. 3:25cv1067

COMMONWEALTH OF VIRGINIA,

    Defendant.

**MEMORANDUM ORDER**

Having considered PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 84), the COMMONWEALTH OF VIRGINIA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 85), and the supporting, opposing, and reply memoranda for each, and having heard the argument of counsel, the Court concludes that there is information relevant to the resolution of the summary judgment motions that is not in the record. Accordingly, it is hereby ORDERED that, by July 17, 2026, the parties shall provide the Court, whether by filing Stipulations or Statements of Position on particular topics (if Stipulations cannot be reached) the following information:

(1) the original version of Va. Code § 23.1-502 enacted in 1984 and the amendments thereto enacted in 1989, 1990, 1996, 2006, 2007, 2008, 2011, 2014, and 2016 (see Va. Code § 23.1-502, "History"), designating in highlight the text that was added, or deleted, with each amendment; and

(2)  all legislative history, and information respecting the history, about the enactment of Va. Code §§ 23.1-502 and 23.1-505.1, including, without limitation, all reports or communications in the records of the Virginia House of Delegates and the Virginia Senate respecting the origin of, and reasons for or against, the enactment of those sections; and

(3)  any reports of the Joint Legislative Review and Audit Commission ("JLARC") or communications between any legislator and JLARC, respecting the reasons for, or opposition to, such legislation; and

(4)  any press releases issued by any member of the Virginia House of Delegates, the Virginia Senate, the Office of the Governor, or the Office of the Attorney General of Virginia, respecting the enactment of, and the reasons for, or opposition to, the legislation; and

(5)  any news reports respecting the legislation, the reasons for or opposed to it; and

(6)  an explanation of the process by which §§ 23.1-502 and 23.1-505.1 actually work when applications are made for in-state tuition pursuant to § 23.1-502 and § 23.1-505.1; and

(7)  for the period 1996 to 2025 how many applications for in-state tuition were submitted under Va. Code § 23.1-502 and how many were approved, presented year-by-year; and

2

(8)   for the period 2020 to 2026, how many applications for in-state tuition were submitted and approved under Va Code § 23.1-505.1, and how many were approved, presented year-by-year; and

(9)   for each of the alternative ways to secure in-state tuition provided in Va. Code § 23.1-506 provide the number of applications for in-state tuition submitted under each alternative eligibility mode and how many of those applications were approved, presented year-by-year; and

(10) set forth the history of the adoption of the 2020 Addendum A and 2021 General Domiciliary Guide.

It is so ORDERED.

_____ /s/     REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 8, 2026

3